**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

| | |
|---|---|
| IN RE SEARCH OF: ) | |
| GPS LOCATION INFORMATION FOR A BLACK ) | |
| MERCEDES E350, VIN WDDKJ5KB7DF198943 )  No. **6:21CM12** | |
| BEARING AR LPN LOCEIW ) | |

**UNITED STATES' MOTION TO SEAL SEARCH WARRANT,**
**APPLICATION AND SEARCH WARRANT AFFIDAVIT**

The United States of America requests an Order of the Court sealing this Motion, the Search Warrant, the Application for Search Warrant, the Search Warrant Affidavit, the Inventory Return, and the Order to Seal, in the above captioned and numbered matter. In making this request to seal the search warrant papers, the United States relies on the facts and statements set forth in, or on the face of, all of the search warrant papers and this motion, including the Affidavit for the Search Warrant. As set forth in the search warrant papers, this matter relates to an ongoing investigation of allegations of ***conspiracy to distribute controlled substance*** in violation of ***21 U.S.C. §§ 841(a)(1) and 846***. The investigation has not yet resulted in the filing of an Indictment or Criminal Complaint. The search warrant papers disclose details concerning the investigation and specific investigatory actions taken by law enforcement officers to investigate these allegations.

**A. The Affidavit, Application, Search Warrant And Return Should Be Sealed**

The government has a compelling interest in maintaining the integrity of an ongoing criminal investigation by denying public access to the details of the ongoing criminal investigation

in this matter. The interest of the United States in this regard has been recognized by the United States Court of Appeals for the Eighth Circuit. <u>Certain Interested Individuals v. Pulitzer Publishing Company</u>, 895 F.2d 460 (8th Cir. 1990)(<u>Gunn II</u>); <u>In re Search Warrant for Secretarial Area Outside Office of Gunn</u>, 855 F.2d 569, 574 (8th Cir. 1988)(<u>Gunn I</u>). The current investigation is ongoing and disclosure of the Application, Affidavit, Search Warrant and Return would provide details of the nature, scope and direction of the government's criminal investigation in this matter and would identify the subject(s) of the investigation. Revelation of this material would not only make it available to the general public but to the potential subject(s) of the investigation.

As stated above, this investigation is in the pre-indictment stages. No indictments have been returned and no charges have been filed against any person by complaint or otherwise.

**B. No Less Restrictive Means are Available**

General Order 7 requires that the Government address why less restrictive means to sealing all search warrant documents are not available. Less restrictive means may include redaction of names and personally identifying information, line-by-line redaction of facts and events, or extraction of excerpts from search warrant documents. Courts have ruled that these less restrictive means do not adequately protect the interests of the government or individuals in a number of instances.

1. The Eighth Circuit in <u>Gunn I</u> explains that "line-by-line redaction is not practicable," noting that "[v]irtually every page contains multiple references to wiretapped telephone conversations or to individuals other than the subjects of the search warrants or reveals the nature, scope and direction of the government's ongoing investigation." <u>Gunn I</u>, 855 F.2d at 574.

2. Less restrictive means are not sufficient to protect privacy interests of individuals

2

named in the search warrant documents. Courts have held that redaction of individuals names does not "protect the identities of various individuals due to the context in which they are mentioned." In re Search Warrant for 2934 Anderson Morris Road Niles, Ohio, 48 F. Supp. 1082, 1084 (N.D. Ohio 1999). This protection of individuals identifiable through "context" is followed by the Eighth Circuit in Gunn II. In Gunn II, the Eighth Circuit continued to maintain the seal of the documents in Gunn I, as the privacy interest of individuals named in "even the redacted versions of the search warrant affidavits" outweighed the public's First Amendment qualified right of access. *See,* Gunn II, 895 F.2d at 466.

3. Less restrictive means of extracting excerpts is not an effective alternative to sealing the entire document where it contains "detailed, specific information which, if disclosed, would compromise the ongoing government investigation." In the Matter of the Search of Office Suites for World and Islam Studies, 925 F. Supp. 738, 743-44 (M.D. Fla. 1996). In the Matter of the Search of Office Suites for World and Islam Studies, the district court found that the affidavits are "designed to support probable cause and each section builds on the next", and "[v]irtually every page of the affidavit contains references to conversations and events, and reveals the nature and scope of the on-going government investigation, including individuals not the subject of the search warrant." Id. at 744. Further the court found that extraction of excerpts was inadequate to protect the government's interests, as "even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation." Id.

WHEREFORE, for each of the above reasons, the United States respectfully requests that the Court enter an order which: (1) seals this motion pending further order of the Court; (2) seals the search warrant, the application for the search warrant, the affidavit in support of the application,

3

the inventory return, and the order to seal under the provisions outlined in General Order 7.

>
> Respectfully submitted,
>
> DAVID CLAY FOWLKES
> ACTING UNITED STATES ATTORNEY
>
>
> By
> > Bryan A. Achorn
> > Assistant U.S. Attorney
> > Arkansas Bar No. 2001034
> > 414 Parker Avenue
> > Fort Smith, AR   72901
> > Telephone: 479-783-5125